875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS,
Petitioner-Appellant,
v.
CARGO MINING COMPANY, Respondents-Appellees.
 Nos. 88-3531, 88-3578.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM:
 
 
 1
 Petitioner, the Director of the Office of Workers Compensation Programs, ("Director"), appeals from the decision of the Benefits Review Board ("BRB"), awarding black lung disability benefits to claimant and absolving Cargo Mining Company ("Cargo") from paying the benefits. For the reasons stated below, we AFFIRM.
 
 
 2
 Dennis Tackett ("Claimant") was employed by Cargo from June 1977 to July 1978, for a total of 39 weeks. This employment was interrupted by a fourteen week strike in 1978. In 1980, claimant filed for black lung benefits after injuring his back while employed by the Leslie Coal Company. The Department of Labor denied the claim on the grounds that claimant had only been employed in the coal mines for three years and failed to successfully prove that he was otherwise disabled due to pneumoconiosis. After an administrative hearing in 1984, the Administrative Law Judge awarded benefits to claimant and held Cargo liable for payment of the benefits. Cargo appealed, challenging their liability on the basis that claimant had not been regularly employed by Cargo for a full year as required by the Department of Labor regulations because of the fourteen week absence due to the strike.
 
 
 3
 On April 21, 1988, the BRB issued its decision holding that since claimant's length of employment with Cargo did not amount to a full year and since the claimant was not employed in or around a Cargo coal mine during the strike, the one year minimum employment requirement had not been established. The BRB concluded that Cargo, therefore was not responsible for paying benefits and remanded the claim to the Black Lung Disability Trust Fund for payment.[1]
 
 
 4
 Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901-945 ("the Act") required the Secretary of Labor to establish standards for identifying the responsible mine owner, who would be liable for benefits due under the provisions of the Act:
 
 
 5
 The Secretary of Labor shall, by regulation establish standards, which may include appropriate presumptions, for determining whether pneumoconiosis arose out of employment in a particular coal mine or mines. The Secretary may also, by regulation, establish standards for apportioning liability for benefits under this subsection among more than one operator, where such apportionment is appropriate.
 
 
 6
 30 U.S.C. Sec. 932(h). The Secretary determined that to satisfy the "arising out of" test provided for in the Act, exposure to a particular employer's mines for at least one year would be required before that employer would be liable for paying benefits. In 1973, pursuant to the above language in the Act, the Department of Labor promulgated rules and regulations defining a responsible operator that were later amended as follows:
 
 
 7
 A "responsible operator" is the operator which is determined liable for the payment of benefits ... for any period after December 31, 1973. In order for an employer to be considered a responsible operator in any case, the following shall be established:
 
 
 8
 (1) The miner's disability or death shall have arisen at least in part out of employment in or around a mine or other facility during a period when the mine or facility was operated by such operator....
 
 
 9
 20 C.F.R. Sec. 725.492(a)(1). The Department also established the following additional criteria to identify a responsible operator.
 
 
 10
 (a)(1) Subject to the provisions of paragraphs (a)(2) and (3) of this section, and provided that the conditions of Sec. 725.492(a)(2) through (a)(4) are met, the operator or other employer with which the miner had the most recent periods of cumulative employment of not less than 1 year, as determined in accordance with paragraph (b) of this section, shall be the responsible operator.
 
 
 11
 20 C.F.R. Sec. 725.493.
 
 
 12
 The Director argues that claimant was employed for "not less than one year" since the employment relationship between claimant and Cargo lasted from June 1977 to July 1978, and that therefore, the BRB erred by failing to include the fourteen weeks of the strike in its calculations. However, this argument is at variance with the plain and unambiguous language of the regulation. Section 725.493(b) specifically sets forth the guidelines for determining the length of coal mine employment that is necessary to establish a reasonable relationship between disability and liability.
 
 
 13
 (b) From the evidence presented, the identity of the operator or other employer with which the miner had the most recent periods of cumulative employment of not less than 1 year and, to the extent the evidence permits, the beginning and ending dates of such periods, shall be ascertained. For purposes of this section, a year of employment means a period of 1 year, or partial periods totalling 1 year, during which the miner was regularly employed in or around a coal mine by the operator or other employer. Regular employment may be established on the basis of any evidence presented, including the testimony of a claimant or other witnesses, and shall not be contingent upon a finding of a specific number of days of employment within a given period.
 
 
 14
 20 C.F.R. Sec. 725.493(b) (emphasis added).
 
 
 15
 Accordingly, the only periods of time that should be accumulated as coal mine employment are those periods during which the employee is actually involved in the extracting or preparation of coal in or around a coal mine or coal preparation facility. In this case, the claimant worked for Cargo for twenty-five weeks from June 1977 until January, 1978, went on strike until April, 1978 and then worked for an additional fourteen weeks, for a total of 39 weeks of coal mine employment.
 
 
 16
 We agree with the BRB that "any minimal amount of employment in the period of twelve months [does not] satisfy the one year employment requirement of Sec. 725.493(b)." Tackett v. Cargo Mining Co., BRB No. 85-555 (April 21, 1988). A year is specifically defined as "a period of 1 year, or partial periods totaling 1 year, during which the miner was regularly employed in or around a coal mine by the operator...." 20 C.F.R. Sec. 725.493(b).[2] Since claimant was not regularly employed during the three and a-half month strike, the BRB totaled claimant's intermittent periods of coal mine employment, see 20 C.F.R. Sec. 725.492(c), and properly excluded the fourteen week strike period; because under the Act a striking miner is not engaged in coal mine employment. Accordingly, since the total period of employment was less than one year, Cargo is not liable.
 
 
 17
 Accordingly, for the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 If the total period of coal mine employment is not less than one year then the most recent employer is the responsible operator, if it is less than one year the Black Lung Disability Trust Fund is liable for paying benefits. 30 U.S.C. Sec. 934(a)(1)(B)
 
 
 [2]
 The BRB has been guided by a plain reading of Sec. 725.493(b) and recently held that:
 The administrative law judge should institute this process [of determining duration of employment] by first determining the beginning and ending dates of the miner's period or periods, of covered employment. Thereafter, the administrative law judge must determine whether the miner's employment during a particular period was "regular employment." If the administrative law judge concludes that the employment during this period was regular employment, then the entire period between the beginning and ending dates may be counted. If the administrative law judge finds that the employment during a period is not regular employment, then a lessor amount of coal mine employment may be found. Thereafter, the administrative law judge must total the periods of coal mine employment and determine the aggregate amount of coal mine employment....
 Dawson v. Old Ben Coal Co., 11 BLR 1-58, 1-60 n. 1 (Ben.Rev.Bd.1988) (citations omitted).